No. 22,808.

A. T. STICELBER, *Appellant,* V. B. L. BRESSIE, *Appellee.*

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Crop Rental—Valid Agreement as to Division of Wheat.* A landlord leased his land for a rental of one-third of the wheat crop, which was to be delivered at the nearest market. When the contract was entered into no provision was made as to whether the threshed wheat should be divided by measure at the threshing machine or at the market. At the time the threshing was done it was agreed between the landlord and the tenant that the division should be made according to the threshing machine measure, and it was so measured, both parties participating in the division. *Held,* that it was competent for the parties to agree on that method of division and that there was no lack of consideration for the agreement.

2. SAME—*Division of Crop—Evidence—Finding.* The evidence examined, and it is held to be sufficient to uphold the verdict finding that such an agreement was made and that each party received his share of the crop.

3. SAME—*Crop Divided—Tenant Not Liable for Landlord's Share by Theft.* After the division was made and the wheat of the landlord placed in a bin of his own selection, awaiting the transportation of the wheat to the market, any loss of the same by theft or otherwise which did not occur through the fault of the tenant, was the landlord's loss.

4. SAME—*Special Question—Ruling Not Prejudicial.* A ruling refusing to require the jury to make a more definite answer to a special question, not important to a decision of the case, is not a ground for reversal.

Appeal from Montgomery district court; JOSEPH W. HOL-DREN, judge. Opinion filed October 9, 1920. Affirmed.

*A. R. Lamb,* and *Clement A. Reed,* both of Coffeyville, for the appellant.

*W. N. Banks,* and *O. L. O'Brien,* both of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action plaintiff sought a recovery of the value of 62½ bushels of wheat, for which he asked judg-

ment against the defendant for $128.12. The result was a judgment in favor of defendant, and plaintiff has appealed.

The defendant rented the tract of land from plaintiff on which he sowed a crop of wheat, and it was agreed that the rental to be paid should be one-third of the wheat raised on the farm, which he was to deliver at the nearest market, which was Liberty, Kan. The wheat was grown and harvested and a few days before threshing was commenced plaintiff was notified to come and assist in making a division of the wheat. He did so, and on the machine with which the threshing was done, was a weigher. The plan adopted was to put 50 bushels, machine measure, in a wagon, the plaintiff taking one load to defendant's two loads, and these loads were taken as they were threshed to the elevator at Liberty until thirteen loads had been taken there, when the parties were informed that the elevator had no room for more. It was then agreed that the remainder should be divided and placed in separate bins on the farm, and the plaintiff continued to assist in making the division until the threshing was completed. A few of the first loads of wheat when weighed at the elevator did not weigh out 50 bushels, when a readjustment of the weigher was made and then most of the loads overran the machine measure. Nine of the loads taken to the elevator and allotted to defendant weighed 453½ bushels, while the four loads assigned to plaintiff weighed 200⅓ bushels. The principal dispute between the parties is as to the division of the wheat that was placed in the bins on the farm. It appears that when the wheat was finally weighed out of the bins, plaintiff's share proved to be short 62½ bushels. The defendant's share as weighed out, including that placed in bins, amounted to 1,503⅓ bushels, while plaintiff's share, including the first four loads first placed in the elevator and those hauled to the bins, amounted to 680⅚ bushels. The machine measure of the entire crop was 2,230 bushels and on that measure defendant was entitled to 1,486⅔ bushels, but it appears to have weighed out 16⅔ bushels more than that quantity. Plaintiff's share according to machine measure was 743⅓ bushels, but when weighed out was 62½ bushels less than that quantity. A controversy arose at one time as to whether a mistake had been made in placing a load in defendant's bin that should have been in plaintiff's bin, but

the verdict of the jury is in effect a finding that no such mistake was made.

There was testimony that when the defendant started to haul plaintiff's wheat from his bin he discovered that a quantity of the wheat had disappeared. The doors of the bins in which the wheat was placed were not locked, and were not in a condition to be locked. After the threshing was completed, and the wheat had been placed in the bins, defendant left the premises and plaintiff's new tenant went into possession of the farm. The defendant contended that if plaintiff's wheat was stolen from the granary after the wheat was divided it was his own loss. The verdict of the jury, of course, determines all disputed questions of fact in favor of the defendant. In the first place, there is evidence that it was the understanding and agreement of the parties that the division should be made at the threshing machine and the conduct of the parties in making a division there and setting apart their separate shares according to machine measure tends to sustain that contention. The rent agreement, which was an oral one, provided that defendant was to deliver plaintiff's share at the market, but it does not appear that when made anything was said as to whether the division should be made at the farm or at the market, and whether it should be made by machine measure or elevator measure, after delivery. It was competent for the parties to make an agreement that the wheat should be divided according to the weigher on the thresher, and under the circumstances of the case it cannot be held that there was any lack of consideration for such an agreement. The evidence is sufficient to sustain the defendant's contention that a division was to be and actually was made at the machine, by machine measure, when the threshing was done. The matter and manner of division was fairly submitted to the jury in the following instruction:

"5. You are further instructed that if at the time of the threshing the parties divided the wheat raised upon the farm and agreed upon the division, and that the wheat belonging to the plaintiff was put in plaintiff's bin, and that the wheat belonging to the defendant was put in defendant's bin, and that at that time the wheat put in the defendant's bin was two-thirds of the wheat raised upon the farm, then your verdict should be for the defendant in this case. On the other hand, if, at the time the wheat was threshed, the parties attempting to divide the wheat,

but by some mistake or error some of the one-third that belonged to the plaintiff was placed in the bin of the defendant, and it was agreed that the division of the crop should be based upon the weights at the time the wheat was marketed, then your verdict should be for the plaintiff and against the defendant, in whatever sum the difference between the amount of wheat which the plaintiff received and the amount which he should have received would have been worth at the then market price of $2.05."

Following this instruction the jury in effect found that a division of the wheat was agreed upon and made at the time the threshing was done, and that plaintiff was given his one-third of the crop and the defendant two-thirds of the same. While defendant's wheat when marketed overran the machine measure 16⅔ bushels, there is testimony that after the first loads were threshed and it was found that it did not weigh out 50 bushels to the load, the weigher was readjusted so that the loads subsequently threshed ran a little over 50 bushels each. A witness who had experience in the threshing and measuring of grain, and knew of the adjustment of the weigher, said he thought the measure of defendant's wheat would overrun as much as 16⅔ bushels. While plaintiff's share proved to be short, it may be accounted for by the theft of a part of his share after it had been placed in his bin. As we have seen, the defendant had moved from the farm before the wheat was marketed, and when he went to haul it to market he noticed that there was less wheat in the bin than there was when it was stored there. As to the care of the wheat after a division was made the court told the jury:

"6. You are further instructed that after the division of the wheat was made and agreed to, if you should find it was made and agreed to by and between the parties at the time the wheat was threshed, the duty of Bressie towards Sticelber's wheat was only that he should use such care as a reasonably prudent man under like circumstances would use to care for it, and deliver it to market. He was not in any sense an insurer of it. If it was stolen or lost without fault on his part, he would not be responsible for the loss."

If the division was made at the threshing machine as the jury has found, any loss from the theft of the plaintiff's allotted share was not, under the circumstances, the loss of the defendant. After the division was made the part allotted to him was his own property. He selected the place of storage knowing the conditions and the risks of loss, and he also knew

·that another tenant was coming into possession of the farm. As the trial court said to the jury, the defendant "was not in any sense an insurer of it. If it was stolen or lost without fault on his part, he would not be responsible for the loss."

Complaint is made of the refusal of the court to require a more definite answer to interrogatory number two. It was:

"How many bushels of wheat were raised by the defendant upon plaintiff's farm in 1918?" The answer was: "We don't know."

It is manifest that the jury were unable to give an exact answer to the question as it was framed. The difficulty arose by reason of the two methods of measurement upon which testimony was given, one as made at the machine and the other at the market place. However, the answer is not deemed to be important as the division was made on the basis of the machine measure and there was no dispute as to the quantity of wheat according to that measure.

Although complaint is made of the instructions, we find nothing substantial in the objections to them, and finding no error in the record the judgment is affirmed.