No. 30,833.

IMA KNUDSON, *Appellant*, v. M. C. WARD and O. C. WEEKS, *Appellees*. (The BELPRE STATE BANK, Interpleader.)

(18 P. 2d 176.)

Opinion filed January 28, 1933.

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellant.

*A. L. Moffat,* of Kinsley, for the interpleader.

The opinion of the court was delivered by

DAWSON, J.: This was an action to apply the provisions of the landlord's lien act to an agreed state of facts which may be summarized thus:

In June, 1927, plaintiff leased her wheat farm in Stafford county to a tenant farmer, O. C. Weeks, for a term of three years beginning August 1, 1927, and ending on August 1, 1930. The agreed rent was one-third of the grain raised on the farm to be delivered at Belpre or Macksville. When the lease expired the tenant was permitted to hold the premises for another year.

In the autumn of the years 1929 and 1930, by direction of plaintiff, the landlord's share of the crop for those years was binned in a granary situated on a neighboring farm belonging to plaintiff's mother. By another agreement Weeks undertook to haul this wheat to market when directed to do so by plaintiff.

In December, 1930, Weeks mortgaged his two-thirds share of the growing wheat crop to the Belpre State Bank as security for an

indebtedness of $1,119.55. After harvest in 1931 Weeks marketed his two-thirds share at the elevator of the defendant, M. C. Ward, at Belpre.

At some time unknown, Weeks, without knowledge or consent of plaintiff, hauled away plaintiff's wheat stored on her mother's premises, sold it, and kept the proceeds for his own use.

This action was begun to subject the tenant's share of the wheat crop of 1931 mortgaged to the Belpre State Bank to a landlord's lien to satisfy plaintiff's claim for the purloined wheat. Weeks, defendant, made no appearance and filed no pleading. The Belpre State Bank was permitted to interplead and it set up its interest. A jury was waived and the cause was submitted on an agreed statement of facts as outlined above.

The trial court gave judgment against defendant Weeks for the value of the stolen wheat, but ruled against plaintiff's claimed lien on the proceeds of the wheat crop of 1931 covered by the mortgage of the Belpre State Bank.

Plaintiff appeals, assigning error on the net result.

The statute which gives a landlord's lien for rent and outlines the procedure for its enforcement is R. S. 67-524 to 67-530, inclusive. By its terms the plaintiff had this statutory lien on the crops grown on plaintiff's farm for the payment of the rent according to the terms of the written lease which read:

"Lessee agrees to . . . pay lessor as rent one-third of all grain raised on said land delivered at market either at Belpre or Macksville, Kansas."

Applying this rental agreement to the crops of 1929 and 1930, it was the obligation of the tenant to deliver plaintiff's share of the crops at Belpre or Macksville, but for her own purposes plaintiff chose to have delivery made to a granary on her mother's farm. That delivery terminated Weeks' obligation as tenant for the years 1929 and 1930. The fact that plaintiff and defendant made another agreement whereby he was to haul that wheat to market when plaintiff desired that service has nothing to do with his contract of tenancy. That was a new and independent agreement. When the wheat was placed in her mother's granary at the behest of plaintiff there was a completed delivery of the rent wheat under the novated arrangement, and the landlord's lien no longer covered it. (*Sticelber v. Bressie*, 107 Kan. 518, 192 Pac. 734.) The fact that Weeks afterwards stole the wheat did not have the effect of reviving the

extinct landlord's lien any more than if it had been stolen by a stranger.

Some other matters are discussed in the briefs, but the conclusion just reached renders them of no present consequence.

The judgment is affirmed.

THIELE, J., not participating.