This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                    NO. 28,224

**JOHN LUEVANO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant John Luevano appeals from the district court's judgment and sentence. He raises a single issue on appeal, contending that the district court did not properly instruct the jury concerning the aggravated burglary charge, resulting in fundamental error. We affirm.

**BACKGROUND**

The parties do not dispute the facts. Defendant entered the locked house of his former girlfriend without permission and, while inside, moved the kitchen stove, drilled a one-sixteenth inch hole in the gas hose, and replaced the stove. He re-locked the door when he left the house.

The State requested an instruction on the elements of aggravated burglary. Defendant did not object to the instruction, but the State noticed an error in the instruction that required modification. The district court agreed. The State withdrew the requested instruction and submitted a corrected version. Defendant suggested different wording for a portion of the instruction, and the court accepted Defendant's wording. Defendant did not make any other objection. The instruction given read:

> For you to find the defendant guilty of aggravated burglary as charged in Count 2, the state must prove beyond a reasonable doubt each of the following elements of the crime:
>
> 1.    The defendant entered a dwelling without authorization;
>
> 2.    The defendant entered the dwelling with the intent to

2

commit a murder and/or aggravated battery with great bodily harm or criminal damage to property over $1,000 when he got inside;

3. The defendant armed himself with an instrument or object which, when used as a weapon, could cause death or very serious injury;

4. This happened in New Mexico on or about the 30th day of October, 2006.

**JURY INSTRUCTION**

Defendant argues that there was fundamental error in the instruction for two reasons: (1) the instruction was not clear as to whether the natural gas or the drill was the object used as a weapon; and (2) the instruction was not clear that whether the object was a deadly weapon was disputed and an element for the jury to determine. When we review for fundamental error, we "review the entire record, placing the jury instructions in the context of the individual facts and circumstances of the case, to determine whether the [d]efendant's conviction was the result of a plain miscarriage of justice." *State v. Sandoval*, 2009-NMCA-__, ¶ 27, __ N.M. __, __ P.3d __ (No. 28,437, Dec. 9, 2009) (alteration in original) (internal quotation marks and citation omitted); *see also State v. Cunningham*, 2000-NMSC-009, ¶ 13, 128 N.M. 711, 998 P.2d 176 ("The doctrine of fundamental error is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputably, or open to such question that it would shock the conscience to permit the conviction to stand." (internal quotation marks and citation omitted)).

3

We do not agree with Defendant that there was fundamental error because the instruction did not state whether the natural gas or the drill was the object used as a weapon. In this regard, Defendant argues that the district court should have modified the uniform jury instruction, citing *State v. Traeger*, 2001-NMSC-022, ¶ 24, 130 N.M. 618, 29 P.3d 518 (holding that it was not error for the court to alter the uniform jury instruction to specify the object or instrument to avoid confusion of the jury). In the present case, the court gave the instruction required by UJI 14-1632 NMRA. UJI 14-1632 does not call for the identification of the object or instrument. In *Traeger*, our Supreme Court concluded that "[w]ithout specifically naming the instrument, the jury would have been unable to discern which count they were considering." 2001-NMSC-022, ¶ 24. In this case, unlike in *Traeger*, the context of the case indicates that the drill was the object that was the subject of the jury's examination.

In the State's closing argument, the prosecutor emphasized that Defendant knew that drilling into a gas pipe is dangerous and that he was scared to death because he "knew it could blow." The prosecutor stated that Defendant testified that he knew it was dangerous when he went to his truck to pick up the drill. The prosecutor summed up his argument, contending:

> [Defendant] did two things by committing that crime that you should find him guilty: Aggravated burglary, he went in there with a felonious intent to do some sort of felony, and he brought with him—actually he went back, according to him, he went . . . back to the

4

truck to obtain a deadly weapon, if this was used as a deadly weapon, and created another deadly weapon. He drilled a hole in that line to create a 1600-square-foot house that acted as a bomb. So he used this as a mechanism of attempted murder; and by definition in the law, this is defined as a deadly weapon if used as a weapon.

Although we agree with Defendant that this argument could be read to conclude that the State was attempting to argue that both the drill and the gas line could be a deadly weapon, Defendant's response in closing makes the State's argument clear.

> Now, as to the aggravated burglary, ladies and gentlemen, [the prosecutor] has made a great deal out of this poor harmless drill that is somehow a deadly weapon. . . . [I]f that's a deadly weapon, literally anything is a deadly weapon and any burglar goes into—any intruder goes into a building with per se a deadly weapon, even if it's only hands or feet or shoes. . . . [T]hat's no more a deadly weapon than a pair of shoes or a pair of hands.

> And when I talked to Officer McColley about this this morning, he admitted that he didn't know how many, if any, people in Otero County had been killed by drills in the last year or the last ten years or how many people in New Mexico had been killed by drills in the last ten years. In fact, he doesn't recall hearing about a real life case of anybody ever being killed by a drill. He's seen it in movies, but he's never seen it in real life.

> Ladies and gentlemen, I submit to you that that drill is no more a deadly weapon than any other instrumentality that a person might have about one including a pen, pair of hands, pair of feet, pair of shoes, anything else, ladies and gentlemen.

The prosecutor further clarified the issue in rebuttal.

> Next point, the law which you took an oath to follow, the law on deadly weapon is if he armed himself with an instrument or object which when used as a weapon would cause death or very serious injury. We're

5

not saying, nor does the evidence suggest, that he took that and bludgeoned anyone to death. The law says if he would have used it as a weapon, would it cause death or serious bodily injury. And absolutely you can kill someone with that. And in this case he used it in another method in order to make a 1600-square-foot bomb by drilling that hole.

With this clarification, the prosecutor removed the ambiguity as to the manner in which he referred to the house as a bomb in his closing argument. The context of the arguments of counsel focused the question of the object used as a weapon upon one specific object, the drill. *See id.*

Nor do we agree with Defendant that the instruction was not clear that whether the object was a deadly weapon was disputed and an element for the jury to determine. The law is clear that when an object or instrument that can be used as a deadly weapon is not listed in NMSA 1978, Section 30-1-12(B) (1963), it is the jury's role to determine if it is a deadly weapon depending on the manner of its use and its character as a question of fact. *State v. Nick R.*, 2009-NMSC-050, ¶ 41, 147 N.M. 182, 218 P.3d 868; *Traeger*, 2001-NMSC-022, ¶¶ 12, 16. The district court instructed the jury, under UJI 14-1632, to determine whether "[D]efendant armed himself with an instrument or object which, when used as a weapon, could cause death or very serious injury." As an element of the crime, the jury was required to decide whether the drill was used as a deadly weapon. The court did not err in giving the uniform jury instruction.

**CONCLUSION**

We affirm Defendant's judgment and sentence.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**